IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FAMILY-PITTSBURGH PHASE I,
LP, d/b/a Heritage Station Family
Apartments,

              Plaintiff,

    v.

TYKERIA HARRISON and All
Others,

              Defendant.

CIVIL ACTION FILE NO.

1:18-CV-01534-TWT-JFK

## FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on Defendant Tykeria Harrison's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review the Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.    Background Facts

Plaintiff Family-Pittsburgh Phase I, LP, d/b/a Heritage Station Family Apartments, the owner of the real property commonly known as 765 McDaniel Street 2415, Atlanta, Georgia 30310, filed a proceeding against tenant holding over in the Magistrate Court of Fulton County, Georgia, on or about October 13, 2017, against Defendant Tykeria Harrison and all others for failure to pay rent which was then and, as noted *infra*, continues to be past due. [Doc. 1-1 at 4 ("Dispossessory Proceeding")]. On October 27, 2017, Defendant Harrison filed her first attempt to remove the dispossessory proceeding to federal court.   See 1:17-cv-04289-TWT-JFK.   On November 20, 2017, the District Judge adopted the Magistrate Judge's report and recommendation that the proceeding be remanded to the Fulton County Magistrate Court for lack of subject-matter jurisdiction. Id., Docs. 3, 6.

Following that remand, on January 30, 2018, Defendant filed a voluntary Chapter 13 bankruptcy proceeding. See 18-51413-jrs. However, on March 5, 2018, the bankruptcy proceeding was closed due Defendant's failure pay the filing fee and to comply with deadlines imposed by the Bankruptcy Judge. Id., Doc. 19, Docket Entry dated March 5, 2018. Defendant immediately filed a new voluntary Chapter 13 bankruptcy proceeding on March 8, 2018. See 18-54064-jrs. And, again, for failure

2

to pay the filing fee, the bankruptcy case was closed on March 28, 2018. Id., Doc. 12.

On April 10, 2018, Plaintiff filed a notice of appeal in the bankruptcy case to the

District Court for the Northern District of Georgia. Id., Doc. 14. During the pendency

of both bankruptcy proceedings, the Bankruptcy Judge did not enter a stay pursuant

to 11 U.S.C. § 362 of any other proceedings in which Defendant was participating.

See 18-51413-jrs; 18-54064-jrs.

On April 12, 2018, Defendant filed the pending petition for removal and notice

of removal with a federal stay of eviction referencing the appeal of the second Chapter

13 bankruptcy proceeding and asserting subject matter jurisdiction, at least in part,

based on the pending bankruptcy proceeding.  [Docs. 1-1 and 1-2 ("Removal")].

Although Defendant was required to file along with the notice of removal the entire

docket of the case being removed, see 28 U.S.C. § 1446(a) ("A defendant . . . shall file

in the district court . . . a notice of removal . . . together with a copy of *all* process,

pleadings, and orders served upon such defendant . . . .") (emphasis added), she only

provided the October 13, 2017, dispossessory proceeding against tenant holding over.

A review of the proceedings docketed with the Fulton County Magistrate Court for

Dispossessory Action 17ED052268 reflects that the dispossessory proceeding against

tenant holding over which Defendant is seeking to remove was closed on April 10,

3

2018, by a Consent Agreement in which Plaintiff and Defendant agreed that a writ of possession and judgment be issued in favor of Plaintiff, that Defendant pay to Plaintiff $5,388.69 in back rent for the period of October 2017 to April 17, 2018, that a Writ of Possession will be issued on April 17, 2018, the date that Defendant agrees to vacate the property, and that the consent agreement cannot be appealed.  See https://publicrecordsaccess.fultoncountyga.gov/Portal/DocumentViewer/Index, follow link to 17ED05228, last viewed April 12, 2018.[1]

## II.    Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action *is pending*." 28 U.S.C. § 1441(a) (emphasis added).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any

--------

[1]Copy of Consent Agreement attached hereto.

4

party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

"Generally, there is 'no jurisdiction to remove closed cases" because if a case is closed, 'no case or controversy exists.' . . . Therefore, 'removal is not possible where the case reached final judgment in state court.'" <u>US Bank, N.A. v. Polanco</u>, 2013 WL 12096360, at *1 (S.D. Fla. April 24, 2013) (citation omitted), <u>report and recommendation adopted by</u>, 2013 WL 12095595 (S.D. Fla. May 23, 2013); <u>and see</u> <u>Jones v. CitiMortgage, Inc.</u>, 666 Fed. Appx. 766, 770 n.4 (11th Cir. 2016) (noting that because the district court determined that the case removed to federal court "had been closed when the notice of removal was filed," the case was remanded to state court); <u>Georgia Dep't of Human Resources v. Jenkins</u>, 2013 WL 325620, at *1 (S.D. Ga. January 28, 2013) (dismissing the case removed to federal court "because the federal courts have no jurisdiction over this matter" and "because of Defendant's improper attempt to remove to federal court a state court case that was definitively closed"). "Indeed, 28 U.S.C. § 1441 only authorizes the removal of cases that are 'pending' in stated court at the time the notice of removal is filed." <u>Polanco</u>, 2013 WL 12096360, at *1 (citations omitted); <u>and see</u> <u>Foster v. KNTV Television, Inc.</u>, 2009 WL 4675988,

at *1 (N.D. Cal. December 9, 2009) (denying the plaintiff's motion to reconsider entry of judgment for the defendants entered due to fact the plaintiff's attempted removal of a closed case from superior court was not authorized by § 1441; the federal court lacked jurisdiction over a closed case - no case or controversy exists).

As noted *supra*, the dispossessory proceeding, 17ED052268, that Defendant sought to remove to this court on April 12, 2018, [Dispossessory Proceeding], was closed by the Consent Agreement entered on April 10, 2018.  No case was "pending" at on April 12, 2018, for Defendant to remove to federal court.  And Defendant's reliance on 28 U.S.C. § 1452[2] and Fed. R. Bankr. P. 9027(a) as a basis for federal jurisdiction does not alter the court's analysis.  The district court in Robert Plan Corp. v. American Int'l Group Inc., 2009 WL 2448509 (D. N.J. August 10, 2009), discussed a party's attempt to remove a closed state court case that was related to a pending bankruptcy court proceeding.  Id., at **3-4.  Finding that the court lacked subject matter jurisdiction, the court persuasively concluded:

> Although Fed. R. Bankr. P. 9027 sets forth the procedure for removal under bankruptcy law, it does not itself grant a district court the jurisdiction to hear a case. . . . Further, section 1452(a) also requires that, before a matter may be removed to federal court, it must be established

---

[2] Claims related to a bankruptcy proceeding may be removed to the district court "if such district has jurisdiction of such claim or cause of action under Section 1334."  28 U.S.C. § 1452(a).  Federal courts have original jurisdiction over cases "arising in or related to cases under title 11 [bankruptcy]."  28 U.S.C. § 1334(b).

AO 72A

that a pending cause of action exists. . . .  Thus, before a court can conclude that it has jurisdiction over a matter pursuant to either of these two provisions, it must first determine whether there is a claim or cause of action in existence such that removal is possible.  As such, the Court must determine whether the State Court Action was "pending" when Plaintiffs filed the notice of removal.

Id., at *4 (citations omitted).  Again, the dispossessory proceeding was closed at the time that Defendant filed the notice of removal depriving this court of jurisdiction under the removal provisions for related bankruptcy proceedings.  As the court in Robert Plan Corp. determined, "[T]here was no case or controversy at the time [Defendant Harrison] filed [her] Notice of Removal."  Id., at *5.

For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

And with respect to Defendant's request for injunctive relief in the form of a stay of the dispossessory proceedings and/or entry of the writ of possession, Defendant is not entitled to the injunctive relief she seeks.  See American Homes 4 Rent Properties Eight, LLC v. Dynott, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's motion to stay state court dispossessory proceedings as moot because court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief he seeks - a stay of state court eviction proceedings - because a

7

federal court is prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding"); <u>U.S. Bank National Ass'n v. Sanders</u>, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015) ("Because this action is required to be remanded, Defendant's . . . Motion to Stay . . . [should be] denied."); <u>and see</u> <u>CF Lane, LLC v. Stephens</u>, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014) ("this Court cannot enjoin a state court action for eviction"). Accordingly, Defendant's request should be denied.

## III.   Conclusion

Therefore, because Defendant failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County where it was last pending.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 13th day of April, 2018.


JANET F. KING
UNITED STATES MAGISTRATE JUDGE

8